KLEINMAN LAW LLC
Nathaniel A. Kleinman
nate@kleinman-law.com
76 South Orange Ave., Suite 105
South Orange, NJ 07079
T: (610) 513-2155
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ELMER SAFLOR; NICHOLAS GUREWITCH,

*Plaintiffs*,

v.

SCYTALE AI, INC.,

*Defendant.*

Civil Case No. 1:26-cv-9067

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Elmer Saflor and Nicholas Gurewitch (together "Plaintiffs"), by and through undersigned counsel, hereby demand a trial by jury of all claims and issues so triable, and, as for their Complaint for copyright infringement against Defendant Scytale AI, Inc. ("Defendant" or "Scytale") hereby assert and allege as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought against Defendant for the unauthorized and infringing use of Plaintiffs' original artworks.

2. Plaintiffs seek damages and other relief related to Defendant's reckless and willful infringement of Plaintiffs' copyrights in and to the original works identified herein.

## PARTIES

3. Plaintiff Saflor is an individual artist/graphic designer and a resident of the Philippines.

4. Plaintiff Gurewitch is an individual artist/graphic designer and a resident of New York.

5. Defendant Scytale is a corporation registered in Delaware.

6. Upon information and belief, Scytale is a software/technology company that provides corporate security, risk management, and privacy services to businesses and organizations.

7. Defendant's website (www.scytale.ai) describes itself as "the leading AI-powered security and compliance hub + human experts that get you (and keep you) compliant at every stage of growth, automating over 60 security and privacy frameworks."

8. Upon information and belief, Defendant maintains offices and employees around the world, including headquarters in this District at 101 Avenue of the Americas, New York, NY 10013.

## JURISDICTION AND VENUE

9. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this

District and 28 U.S.C. § 1400(a) since Defendant conducts substantial business in the State of New York and/or can be found in this District.

11. Upon information and belief, Defendant conducts substantial and continuous business in this District through its New York office.

## FACTUAL ALLEGATIONS

12. In or about April 2017, Plaintiff Saflor (a/k/a "Superelmer") designed and created a two-panel webcomic artwork, titled, "Running Away Balloon" (hereinafter the "Saflor Work"), a copy of which is shown below for reference:




13. Since its original publication to Saflor's Facebook account in 2017, the Saflor Work has become a highly popular online "meme," having been copied, altered, and shared (non-commercially) tens of thousands of times across the Internet—largely without Saflor's express permission or license.

14. Similarly, in 2016, Plaintiff Gurewitch designed and created a four-panel webcomic artwork, titled, “Quiz Kid (Note Passing)” (hereinafter the “Gurewitch Work”), a copy of which is shown below for reference:




15. Since its original publication in 2016 to “The Perry Bible Fellowship” website and online comic series created and managed by Gurewitch, the Gurewitch Work has become a highly popular “meme,” having been copied, altered, and shared (non-commercially) tens of thousands of times across the Internet—largely without Gurewitch’s express permission or license.

16. The Saflor Work and Gurewitch Work are both available for licensing through Artnerra and its affiliate MemeLicensing.com, a Germany-based licensing agency that specializes in the commercial licensing of online memes.

17. Upon information and belief, Scytale copied and published the Saflor Work and Gurewitch Work as part of respective paid advertisements that were distributed on LinkedIn to hundreds of thousands of online users.

18. Below is a true and correct screen capture of one such paid advertisement published by Scytale which features a derivative version of the Saflor Work:




19. Below is a true and correct screen capture of a paid advertisement published by Scytale which features a derivative version of the Gurewitch Work:



20. Upon information and belief, additional versions of the above advertisements were published by Scytale on/through LinkedIn. The full and complete scope of Defendant's infringing uses of Plaintiffs' works has not yet been fully ascertained.

21. Scytale never sought or received a license or permission from Plaintiffs to create/publish advertisements featuring their respective works.

22. On or about September 22, 2026, and again on September 30, Plaintiffs' counsel contacted Scytale via email and letter to notify it of the infringing uses of Plaintiffs' respective works.

23. Scytale ignored each of Plaintiffs' counsel's multiple communications, and, upon information and belief, Scytale's infringing version of the Saflor Work remains published/available as part of its LinkedIn "Ad Library."

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

25. Plaintiffs are the authors and exclusive copyright owners of their respective works identified herein.

26. Plaintiff Saflor registered his copyright in and to the Saflor Work with the U.S. Copyright Office under Registration No. VA 2-397-201.

27. Plaintiff Gurewitch registered his copyright in and to the Gurewitch Work with the U.S. Copyright Office under Registration No. VA 2-519-253.

28. As alleged herein, Defendant copied, reproduced, distributed, published, displayed, and/or otherwise exploited copies of Plaintiffs' copyrighted works in commercial advertisements,

and thus infringed their respective rights under Section 106 of the Copyright Act.

29. Defendant copied, published, displayed, and created derivative versions of both the Saflor Work and Gurewitch Work in social media advertisements, for the purpose of promoting/marketing its business and services, without ever having a valid license to do so.

30. Upon information and belief, Defendant's conduct with respect to Plaintiffs' Works was willful, intentional, and/or reckless, including because Defendant is a sophisticated business with significant experience and knowledge of third-party intellectual property rights/licensing.

31. Defendant's conduct also was willful given that the Saflor Work remains displayed online through its LinkedIn "Ad Library," despite receiving multiple notices from Plaintiff's counsel.

32. Upon information and belief, Defendant has benefited from the unlicensed and infringing use of Plaintiffs' copyrighted Works, including through increased exposure of its brand and services, increased customer traffic to its website and social media accounts, and also has deprived Plaintiffs of the licensing fees that are required for such commercial use of the works.

33. The actions by Defendant described herein have caused Plaintiffs significant injuries, losses, and damages, in amounts to be determined at trial.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all

relevant materials, including digital files of Plaintiffs' copyrighted works that are in the possession, control, or custody of Defendant;

3. All allowable damages under the Copyright Act, including but not limited to statutory or actual damages, damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendant's profits attributable to the infringements, and any other cognizable damages suffered as a result of the Defendant's infringements;

4. Plaintiffs' full costs, including litigation expenses, attorneys' fees, interest, and any other amounts authorized under applicable law;

5. For such other and further relief as the Court deems just and proper.

Dated: October 15, 2026

Respectfully submitted,

/s/ Nathaniel A. Kleinman
Nathaniel A. Kleinman (NK3168)
Kleinman Law LLC
76 South Orange Ave., Suite 105
South Orange, NJ 07079
Tel.: 610-513-2155
Email: nate@kleinman-law.com